**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security       **0** Assumption of Executory Contract or Unexpired Lease       **0** Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **Joseph W. Hanley**                                        Case No.:    **19-20464 VFP**

                                                                                          Judge:    **Honorable Vincent F. Papalia**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                            ☑ Modified/Notice Required             Date:    **August 19, 2020**
☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney  /s/ RIL    Initial Debtor:  /s/ JWH    Initial Co-Debtor _____

### Part 1: Payment and Length of Plan

    a. The debtor has paid $4,900 to date to the Chapter 13 Trustee, and starting September 1, 2020 shall pay 780 monthly to the Chapter 13 Trustee for the the remaining 45 months of a 60 month plan. This will payoff his plan at 100%.

    b. The debtor shall make plan payments to the Trustee from the following sources:
- [✓] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion:

- [ ] Refinance of real property:
  Description:
  Proposed date for completion:

- [✓] Loan modification with respect to mortgage encumbering property:
  Description: **594 Van Emburgh Avenue, Washington Township, NJ 07676**
  Proposed date for completion: **The modification has been approved by the court on June 27, 2020**

    d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. [ ] Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection          **X NONE**

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Ronald I. LeVine, Esq.** | **Administrative Fees - Fee Application Pending** | **2,317.50** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Wells Fargo Bank, NA | 594 Van Emburgh Ave Township of Washington, NJ 07676 Bergen County | $1,970.68 | 0.00 | 1970.68 has already been paid | $2,264.08 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. **Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

   1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated

as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| Ship Bottom Tax Collector | 113 East Ship Bottom Ave Beach Haven, NJ 08008  Ocean County | 29,810.91 |

## Part 5:  Unsecured Claims         ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☑ Not less than **100** percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases      ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions    ☒ NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

5

        1) **Ch. 13 Standing Trustee Commissions**
        2) **Other Administrative Claims**
        3) **Secured Claims**
        4) **Unsecured claims**

  d. **Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ▊ NONE

**NOTE:** Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: __October 29, 2019__ .

| Explain below why the plan is being modified: | Explain below how the plan is being modified: |
|---|---|
| To address Trustee Motion to Dismiss that is based on 5/26/2020 Order approving the loan modification requiring filing of amended Plan and Schedule J.  To change the sale plan to a cure plan for paying the tax lien holder on Beach Haven/Ship Bottom property therefore substantial bump up in trustee payment and lengthening Plan to 60 months. | See 1(a)(b) and (c)  To reflect treatment of Specialized Loan Servicing claim as addressed by loan modification and Trustee only being paid what has been paid to Specialized before loan modification. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☑ Yes    ☐ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

| Date: **August 19, 2020** | /s/ Joseph W. Hanley |
|---|---|
| | Joseph W. Hanley |
| | Debtor |
| Date: | |
| | Joint Debtor |

**Date** **August 19, 2020**             **/s/ Ronald I. LeVine, Esq.**
                                          **Ronald I. LeVine, Esq.**
                                          **Attorney for the Debtor(s)**

United States Bankruptcy Court
District of New Jersey

In re:                                                                              Case No. 19-20464-VFP
Joseph W. Hanley                                                                    Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2              User: admin                Page 1 of 1              Date Rcvd: Aug 24, 2020
                                  Form ID: pdf901            Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2020.
db           +Joseph W. Hanley,    594 Van Emburgh Avenue,    Washington Township, NJ 07676-4112
cr           +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 3000,
               Highlands Ranch, CO 80129-2386
518263589    +Middle Country Collection Services, Inc.,    Attn: ENT and Allergy Associates,
               200 Parkway Drive South, Suite 301,    Hauppauge, NY 11788-2025
518263590    +Midland Funding, LLC,    137 Raymond Blvd,Suite 710,    Newark, NJ 07105
518372163    +Millennium Trust Company, LLC as Custodian and Sec,    c/o Pellegrino & Feldstein, LLC,
               290 Route 46 West,    Denville, NJ 07834-1239
518263591    +Ship Bottom Tax Collector,    1621 Long Beach Blvd,    Ship Bottom, NJ 08008-4400
518433165    +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
               Highlands Ranch, Colorado 80129-2386
518433166    +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
               Highlands Ranch, Colorado 80129,    Specialized Loan Servicing LLC,
               8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
518355726    +Wells Fargo Bank, N.A.,    Attention Payment Processing,    MAC# F2302-04C,   1 Home Campus,
               Des Moines, IA 50328-0001
518263592     Wells Fargo Bank, NA,    Attn: Shapiro & DeNardo, LLC,    1400 Commerce Pkwy, Suite B,
               Mount Laurel, NJ 08054

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: usanj.njbankr@usdoj.gov Aug 24 2020 23:34:11     U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 24 2020 23:34:08     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
518263588     E-mail/PDF: ais.chase.ebn@americaninfosource.com Aug 24 2020 23:40:48     Chase Card,
               POB 15298,   Wilmington, DE 19850
518362211    +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Aug 24 2020 23:41:01     Verizon,
               by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*          +Millennium Trust Company, LLC as Custodian and Sec,    c/o Pellegrino & Feldstein, LLC,
               290 Route 46 West,    Denville, NJ 07834-1239
518902332*   +Specialized Loan Servicing LLC,    8742 Lucent Blvd, Suite 300,
               Highlands Ranch, Colorado 80129-2386
                                                                                TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 21, 2020 at the address(es) listed below:
          Deborah T. Feldstein    on behalf of Creditor    Millennium Trust Company, LLC as Custodian and
           Securities Intermediary for TLOA of NJ, LLC dfeldstein@caplaw.net
          Elizabeth L. Wassall    on behalf of Creditor    Specialized Loan Servicing LLC ewassall@logs.com,
           njbankruptcynotifications@logs.com
          Jeffrey Rappaport    on behalf of Creditor    WELLS FARGO BANK, N.A. jrappaport@logs.com,
           njbankruptcynotifications@logs.com
          Marie-Ann Greenberg     magecf@magtrustee.com
          Robert Wachtel    on behalf of Debtor Joseph W. Hanley rwachtel@ronlevinelaw.com,
           ronlevinelawfirm@gmail.com
          Ronald I. LeVine    on behalf of Debtor Joseph W. Hanley ronlevinelawfirm@gmail.com,
           irr72645@notify.bestcase.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7